# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **SHIRLEY JUSTUS,** ) | |
| **ADMINISTRATOR OF THE** ) | |
| **ESTATE OF MARK A. JUSTUS,** ) | Case No. 1:06CV00117 |
| **DECEASED**, ) | |
| ) | **OPINION AND ORDER** |
| Plaintiff, ) | |
| ) | By: James P. Jones |
| v. ) | Chief United States District Judge |
| ) | |
| **COUNTY OF BUCHANAN, ET** ) | |
| **AL.,** ) | |
| ) | |
| Defendants. ) | |

*S.D. Roberts Moore, Eunice P. Austin, and William Wirt Brock, IV, Gentry Locke Rakes & Moore LLP, Roanoke, Virginia, and Robert J. Breimann, Street Law Firm, Grundy, Virginia, for Plaintiff; Jim H. Guynn, Jr., Guynn, Memmer & Dillon, P.C., Roanoke, Virginia, for Defendant Sheriff C. Ray Foster.*

In this § 1983 action arising out of a jail suicide, the primary issue before me is whether to permit relation back under Rule 15(c) of the claim against a new defendant, so as to prevent the bar of the statute of limitations. Based on recent Fourth Circuit precedent, I find that the claim does relate back and thus deny the Motion to Dismiss.

## I

On January 4, 2005, Mark A. Justus was an inmate in the Buchanan County, Virginia, jail. He was found that afternoon by jail personnel hanging by the neck in his cell by a bed sheet. He was taken down and transported to the hospital, but later died. His mother, Shirley Justus, qualified as the administrator of his estate and on December 29, 2006, filed the present action seeking damages as result of this tragic occurrence. The suit bases recovery on 42 U.S.C.A. § 1983 (West 2003) and a pendent state cause of action for negligent wrongful death.

The original defendants were County of Buchanan, Buchanan County Sheriff's Office, Commonwealth of Virginia, Virginia Department of Corrections, Deputy Danny Lowe, and Deputy Billy Stiltner. Commonwealth of Virginia and Virginia Department of Corrections were dismissed by stipulation on February 21, 2007. County of Buchanan was dismissed by stipulation on March 29, 2007. Before any response by the other defendants, the plaintiff filed an Amended Complaint on March 30, 2007, in which Sheriff C. Ray Foster was added as a defendant. Sheriff Foster and Buchanan County Sheriff's Office each filed a Motion to Dismiss and at the hearing of these motions on May 30, 2007, the plaintiff advised the court that she had no objection to the dismissal of Buchanan County Sheriff's Office, and that defendant was dismissed by oral order that day.

In his Motion to Dismiss, Sheriff Foster contends that the claim against him is barred by the applicable statute of limitations. The plaintiff concedes that it would be so barred if the claim did not relate back pursuant to Federal Rule of Civil Procedure 15(c) to the initial date of filing of the lawsuit.[1] This issue has been fully briefed and argued and is ripe for decision.

Under the provisions of Rule 15(c), when a new party is brought in by amendment, the amendment relates back to the date of the original complaint if three conditions are met: (1) the claim arises out of the conduct, transaction, or occurrence set forth in the original complaint; (2) within the time for service of the original complaint, the new party "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits"; and (3) the new party knew or should have known that "but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c).

---

[1] The claim under § 1983 does not have its own statute of limitations and borrows from an analogous cause of action for personal injury under Virginia law. *See Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991). Based on the applicable Virginia personal injury cause of action and the statute of limitations set out in Va. Code Ann. § 8.01-243(A) (2000), the appropriate statute of limitations for the § 1983 claim is two years. *See Lewis*, 947 F.2d at 735. The state law wrongful death action also has a two-year statute of limitations. Va. Code Ann. § 8.01-244(B) (2000).

-3-

Sheriff Foster does not dispute that conditions (1) and (2) have been met. Service of the original Complaint was actually obtained on the defendant Buchanan County Sheriff's Office by personally serving Sheriff Foster on March 14, 2007. Sheriff Foster is represented by the same counsel as Buchanan County Sheriff's Office and the other two remaining individual defendants and there is no claim of prejudice. The real question is whether, as required by Rule 15(c)(3)(B), Sheriff Foster knew or should have known that but for a mistake concerning the identity of the proper party, he would have been named.

The Fourth Circuit recently clarified the proper interpretation of Rule 15(c) in *Goodman v. Praxair, Inc.*, No. 06-1009, 2007 WL 2121724 (4th Cir. July 25, 2007) (en banc). Earlier decisional interpretation had focused on the type of mistake involved, and whether it resulted from clerical error, lack of knowledge of the identity of the proper defendant, or strategic error or oversight. *Id.* at *9-10. *Goodman* held that instead the focus must be on the policy of repose underlying the statute of limitations. As the court stated, "[*W*]*hen a defendant has had notice from the beginning* that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and . . . a liberal rule [allowing amendment] should be applied." *Id.* at *10 (quoting *New York Cent. & Hudson River R.R. v. Kinney*, 260 U.S. 340, 346 (1922)).

In *Goodman*, the plaintiff claimed breach of an employment contract. In a lawsuit, the plaintiff's attorney named the wrong defendant corporation, based on counsel's confusion following a corporate acquisition and reorganization. Focusing on the possible harm to the new defendant, the court held that because the contracting parties and the employment contract in question were accurately described in the original complaint, and because the original and new defendants were affiliated and had the same counsel, the requirements for relation back under Rule 15(c)(3)(B) had been met. *Id.* at *13-14. As the court explained:

> [W]hen a person would reasonably believe that the time for filing suit had expired, without having been given notice that it should have been named in an existing action, that person is entitled to repose. On the other hand, when a person is provided notice within the applicable limitations period that he would have been named in the timely filed action but for a mistake, the good fortune of a mistake should not save him.

*Id.* at *12 (citations omitted).

In the present case, it was clearly a mistake by counsel for the plaintiff to sue Buchanan County Sheriff's Office, rather than Sheriff Foster himself. In Virginia, the sheriff is the policymaker and responsible official in charge of the sheriff's office. *See Estate of Harvey v. Roanoke City Sheriff's Office*. No. 7:06CV00603, 2007 WL 602091, at *3, 5 (W.D. Va. Feb. 23. 2007). The question is not the reason for that

-5-

mistake, but whether Sheriff Foster would have reasonably relied on the statute of limitations for repose.[2]

I find that Sheriff Foster reasonably should have known that he was the proper party to the lawsuit. The original Complaint described the alleged circumstances occurring in the jail over which Sheriff Foster had policy-making authority. Indeed, the Buchanan County Sheriff's Office, of which he was in charge, was named as a party. Sheriff Foster argues that he would not have surmised that he was to be sued individually, since the Sheriff's Office could only have been sued in its official capacity. The original Complaint, however, recites that all of the defendants are sued in their individual capacities (Compl. ¶ 3) and I find that the liberal construction of Rule 15(c)(3)(B) dictated by *Goodman* requires a relation back in this case.

Sheriff Foster also asserts in his Motion to Dismiss that the Amended Complaint fails to state a personal claim against him under § 1983, but relies only on the doctrine of respondeat superior, a theory inapplicable in § 1983 cases. However, viewing the allegations in a light favorable to the plaintiff, I find that a sufficient claim against Sheriff Foster has been pleaded. The plaintiff claims that policies and procedures adopted by Sheriff Foster contributed to the failure to provide the

---

[2] As the defendant concedes, the addition of Sheriff Foster is, under the ruling in *Goodman*, a "change" in the party as contemplated by Rule 15(c). *See Goodman*, 2007 WL 2121724, at *7-8.

deceased with adequate protection and medical care. (Am. Compl. ¶ 31.) While the plaintiff may be unable to prove this claim, I cannot at this point dismiss it.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss by Sheriff C. Ray Foster is DENIED.

      ENTER: August 8, 2007

      /s/ JAMES P. JONES
      Chief United States District Judge